CV 10 4218

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ORIGINAL

------------------------------------------------------------------X

JAMES B. FERRARI

                    Plaintiff,

    - against -

COUNTY OF SUFFOLK,
CHRISTINE MALAFI, individually,
JOHN DOES # 1-10, individually,

                    Defendants.

------------------------------------------------------------------X

**VERIFIED COMPLAINT**

**Jury Trial Demanded**

SEYBERT, J.
WALL, M.J.

Plaintiff, JAMES B. FERRARI, by his attorneys, CAMPANELLI & ASSOCIATES,

P.C., as and for his complaint respectfully alleges as follows:

## THE PARTIES

1.    Plaintiff, JAMES FERRARI is an individual residing at 120 West 21st Street,

New York, NY.

2.    Upon information and belief, the defendant COUNTY OF SUFFOLK is a

municipal corporation organized and operating under New York State law, with a principle place

of business situated at 100 Veterans Memorial Highway, Hauppauge, NY.

3.    Upon information and belief, at all times described herein defendant CHRISTINE

MALAFI (hereinafter "Malafi") was, and remains an employee, agent and representative of the

County of Suffolk.

4.    Upon information and belief, at all times described herein defendants JOHN

DOES #1-10 were, and remain employees, agents and representatives of the County of Suffolk.

1

5.     At all times described herein, in conducting and carrying out the actions described herein below, both the County of Suffolk, John Does 1-10 and Malafi were acting under color of state law.

## Preliminary Facts

6.     This is a civil action seeking equitable relief, punitive damages, costs and attorneys fees, brought pursuant to 42 U.S.C. §§1983 and 1988, to redress deprivation, under color of law, of rights privileges and immunities guaranteed by the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, brought by the owner of a motor vehicle that was seized and retained by the defendants, which include the County of Suffolk, and several of its agents and representatives.

7.     The County of Suffolk (hereinafter "the County") is a Municipal Corporation situated within the State of New York.

8.     Under its own Administrative Code and local laws, the County operates through its Supervisor, and a Board of Legislators.

9.     At all relevant times described herein, the County of Suffolk maintained a DWI seizure program, within which it: (a) seizes and retains possession of motor vehicles incident to DWI arrests within the County, and (b) thereafter subjects such vehicle to civil forfeiture, as "the instrumentality of a crime."

10.     Under such program being carried out by the defendants, upon the arrest of an individual charged with an offense under VTL §1192, the defendants cause the seizure of the vehicle being operated, and immediately deprive the owner of such vehicle from possession and use of same.

2

11.     The alleged statutory basis of the defendants' authority to seize and retain possession of vehicles, adversely to the rights of the vehicles' owners, is Suffolk County Code §270.

12.     Under the constraints of both the Suffolk County Code and the 14th Amendment to the United States Constitution, the defendants are statutorily required to afford vehicle owners with due process, before effectuating a continued deprivation of their vehicle.

13.     The 14th Amendment to the United States Constitution explicitly provides that no person may be deprived of life, liberty or property without due process of law.

14.     In a measure which amounts to little more than a transparent gesture of affording "due process" to vehicle owners who have not been convicted of any crime, but whose vehicles are nonetheless being retained by the County, the County purports to offer such owners "retention hearings" at which the owners are purportedly afforded an opportunity to challenge the County's seizure and continued retention of their respective vehicle.

15.     After the City of New York, and both the Counties of Nassau and Suffolk had each implemented DWI seizure programs, in the matter of Krimstock v. Kelly, the U.S. District Court, Southern District of New York, entertained a challenge to the Constitutionality of the City's seizure and continued retention of motor vehicles from respective owners whom had not been convicted of any crime.

16.     In 2002, on appeal from the Southern District, the Court of Appeals for the Second Circuit explicitly ruled that to comport with the constraints of the Due Process Clause of the 14th Amendment, a municipality which seizes and seeks to retain possession of a motor vehicle under a DWI seizure program must provide the owner of such vehicle with a prompt

3

"retention hearing" at which the respective owner may challenge both the initial seizure of the vehicle, as well as the continued retention thereof. Krimstock v. Kelly, 306 F.3d 40 (2nd Cir. 2002).

17.     In rendering such a ruling, the Second Circuit explicitly set the standard that, to establish entitlement to retain possession of a seized vehicle, the municipality *must establish* (a) the validity and probable cause for the underlying arrest and seizure; and (b) the necessity and legitimacy of continued retention.

18.     Separate and apart from the 14th Amendment, under Suffolk County's own Administrative Code provision, at any such retention hearing the County is also *required* to determine whether probable cause existed for the defendant's warrantless arrest, whether the County is likely to succeed on the merits of the forfeiture action, whether retention is necessary to preserve the vehicle from destruction or sale during the pendency of the forfeiture proceeding, and whether any other less restrictive measures would better protect the County's interest during the proceeding, including, but not limited to:

> (a)     Issuance of a restraining order prohibiting the sale, transfer, or loss of the vehicle with the imposition(s) of appropriated penalties for violation of said restraining order;
>
> (b)     Taking of a bond; and/or
>
> (c)     Use of an interlock device.

19.    In direct defiance of both the 14th Amendment Due Process requirements articulated in <u>Krimstock</u> and the Suffolk County Code, the defendants herein knowingly train, and/or deliberately permit, the hearing officers who "preside" over retention hearings to deliberately and systematically refuse to comport with the requirements of Due Process or the Suffolk County Code.

20.    In direct defiance of same, the County's hearing officers refuse to require that the County establish the necessity of continued retention of the vehicle.

21.    Instead, the hearing officers merely require the County to establish the validity of the initial arrest and nothing more.

22.    Once the validity of the initial arrest is "established," the County Attorneys, as permitted by the hearing officers, then proceed to assert that the "burden" of proof has now shifted to the vehicle owner to establish hardship, which the owner must establish to defeat the County's right to retain the vehicle in direct contravention to its own code and the due process standard articulated in <u>Krimstock</u>.

23.    In addition, as conducted by the County's hearing officers:

(a)    at the retention hearing, the County is not required to produce a single witness with personal knowledge of the underlying arrest or any of the facts of the case, but may prevail in the case simply by producing the police records reflecting the underlying arrest, and, by contrast

(b)    at the retention hearing, the owner <u>must appear personally to testify,</u> for if they appear *instead* by their attorney, as is explicitly

5

permitted in civil matters under New York CPLR 321(a), the retention

hearing will not be conducted, and the County will be entitled to

retain the vehicle, thereby winning by default, despite not having

borne its burden as articulated by the Court in Krimstock.

### Suffolk County and Malafi Have a History of Failing to Abide by Their Own Code and the Due Process Clause of the 14th Amendment

24.     As a result of the defendants' deliberate violation of the constraints of

both the 14th Amendment, and the Suffolk County Code, in 2004, an action was commenced

against both defendant Malafi, and Suffolk County (et al.) in the United States District Court for

the Eastern District of New York, pursuant to 42 U.S.C. § 1983, under case number CV-04-3651,

Sullivan v County of Suffolk, et al.

25.     In Sullivan, defendant Malafi was sued individually for violations of the Fourth,

Eighth and Fourteenth Amendments for, just as in the matter herein, skewing the hearings and

not meeting the mandatory constitutional standards set forth in Krimstock and the Suffolk

County Code.

26.     In a situation strikingly similar to the instant matter, the County was only required

to show the validity of the arrest and was not required and thus failed to prove that the retention

of the vehicle was necessary and that other less obtrusive means would suffice.

27.     In Sullivan, the jury found that Malafi and the County violated plaintiff's rights by

failing to meet the standards set by the 14th Amendment and the Suffolk County Code.

28.     However, the jury only awarded one dollar in damages but only because the

County had offered to give the plaintiff his car back prior to the commencement of the lawsuit.

6

29.     Emboldened by the mere one dollar award, Malafi and the County have intentionally and willfully continued their campaign to violate the rights of those whose cars have been seized by requiring owners to appear personally for retention hearings and by improperly shifting the burden of continued retention to the owner to show hardship or some other necessity rather than on the County as required by the County Code and the constraints of the due process clause.

30.     As trained by defendant John Does 1-10, the County's hearing officers do not require the County Attorney to produce any evidence, factual witnesses, or anyone who possesses personal knowledge of the case whatsoever tending to show that the retention of the vehicle is necessary to preserve the vehicle absent alternative measures as they are required to do under the Suffolk County Code.

31.     Yet the hearing officers permit the County to "prevail" in establishing entitlement to retain possession of seized vehicles, merely by introducing records of the underlying arrest, but without satisfying its entire burden pursuant to the Suffolk County Code, in complete degradation of the owners due process rights.

## Seizure of Plaintiff's Property Without Due Process

32.     On or about May 26, 2009, following an arrest for an alleged DWI, the defendant County seized the plaintiff's vehicle, a 2003 Ferrari 360 Spider, VIN: ZFFYU51A530130678.

33.     On or about the 28th day of May, 2009, the defendants served the plaintiff with a Notice of Seizure and Hearing scheduling the Retention Hearing for the plaintiff's vehicle for June 9, 2009 at 9:30 a.m.

7

34. The civil forfeiture action and the preceding retention hearing are civil actions, and New York Civil Practice Laws and Rules (CPLR) explicitly provides that a party may defend a civil action "in person *or* by an attorney" CPLR 321(a)(emphasis supplied).

35. Since it is the plaintiff who bears the burden of proof in any civil matter, a defendant is under no obligation to present evidence or witnesses. *See e.g.* SAN-DAR Associates v. Adams, 167 Misc.2d 727 (Appellate Term 1996).

36. Moreover, unless subpoenaed by the plaintiff, a defendant within a civil action is under no obligation to appear personally. He may, instead, appear solely by their attorney, who can dispute the plaintiff's evidence at any trial or hearing. Id.; CPLR 321(a).

37. On or about June 9, 2009, the plaintiff herein appeared by counsel at the retention hearing. (Annexed hereto as Exhibit "A" is a true copy of the transcript of the June 9, 2009 hearing).

38. At the hearing, when plaintiff's counsel stated that he was appearing on behalf of plaintiff, the judicial hearing officer, Hon. J. Dinoto, stated, "I am not going to conduct a hearing without him here" and refused to conduct the hearing without the presence of the plaintiff, which according to the CPLR was not required.

39. Both the County attorney and plaintiff were ready to proceed but the hearing officer refused to allow the hearing to go forward.

40. The hearing was needlessly adjourned nearly three months until September 1, 2009.

8

41.     On or about September 1, 2009 plaintiff again appeared by counsel at a second retention hearing. (Annexed hereto as Exhibit "B" is a true copy of the September 1, 2009 hearing).

42.     As is the policy, practice and procedure of the defendants, at the second retention hearing, the County was not required to meet its entire burden of demonstrating whether probable cause existed for the defendant's warrantless arrest, whether the County is likely to succeed on the merits of the forfeiture action, whether retention is necessary to preserve the vehicle from destruction or sale during the pendency of the forfeiture proceeding, and whether any other less restrictive measures would better protect the County's interest during the proceeding, notwithstanding the dictates of the due process clause, the Second Circuit's holding in Krimstock, Suffolk County Code §270-26 and the Eastern District's decision in Sullivan against these very same defendants.

43.     In fact, directly contrary to Suffolk County Code §270-26, the County Attorney shifted the burden to the plaintiff and informed the Court that, "Mr. Ferrari needs to testify as to what his hardship is going to be in this particular case. If he is not here to testify, he can't show a hardship , therefore, [plaintiff] does have the burden under the [Suffolk County Code] to show hardship and should be present."

44.     The only element that the County Attorney even attempted to show, let alone actually proved, was that there was probable cause for the underlying stop and arrest.

45.     The County Attorney presented absolutely no evidence or witnesses whatsoever to demonstrate the County's need for retention of the vehicle as opposed to the other alternative means as they are required to do pursuant to Suffolk County Code §270-26.

9

46.     At this second retention hearing, Mr. Ferrari's counsel repeatedly tried to inform the County Attorney and the Court of the dictates of §270-26 and more specifically that in order to obtain a retention order the County Attorney had the burden of not only proving the probable cause of the underlying arrest, but that the County was *required* to show that retention is necessary to preserve the vehicle from destruction or sale during the pendency of the forfeiture proceeding, and whether any other less restrictive measures would better protect the County's interest during the proceeding, such as a restraining order, a bond or the use of an interlock device.

47.     Notwithstanding the County Attorney's utter failure to prove that retention of the plaintiff's vehicle was necessary absent other less restrictive measures, the hearing officer ordered the retention of the plaintiff's vehicle after only making a finding that there existed probable cause for the underlying arrest and nothing more.

48.     The defendant has deprived the defendant of his property without due process of law by intentionally failing to abide by the requirements of the due process clause of the 14th amendment, the holdings in Krimstock and Sullivan, and the Suffolk County Code.

49.     As further described above, that deprivation was deliberate, wilful, contumacious and without excuse or justification in light of the holding in the Sullivan case against the same defendants herein.

10

## Governmental Policies - Monell Liability

50.     At all times relevant hereto, it was the policy of Suffolk County that in any post-deprivation hearing held pursuant to § 270-26(B)(1) of the Suffolk County Code, in order to make a prima facie showing of entitlement to retention of the vehicle prior to and during the pendency of a civil forfeiture action, that it did not require itself to demonstrate that retention of the subject motor vehicle was necessary to prevent its destruction, sale or removal from the jurisdiction of any court of competent jurisdiction.

51.     At all times relevant hereto, it was the policy of Suffolk County that in any post-deprivation hearing held pursuant to § 270-26(B)(1) of the Suffolk County Code to require a vehicle owner to be present and testify at the hearing.

52.     At all times relevant hereto, it was the policy of Suffolk County that in any post-deprivation hearing held pursuant to § 270-26(B)(1) of the Suffolk County Code to require a vehicle owner to prove hardship or necessity or the County would retain the vehicle, thus shifting the burden of proof.

53.     At all times relevant hereto, it was the policy of Malafi to retain possession of any motor vehicle seized under § 270-26, even though she had not met the requirements of § 270-26(B)(1).

54.     At all times relevant hereto, it was the policy of the defendants to train their County Attorneys and Judicial Hearing Officers to deliberately fail and refuse to require the County Attorney to prove all of the elements of § 270-26(B)(1), namely to prove that retention of the vehicle is necessary to prevent its removal or destruction absent less restrictive means and allowed for retention of the vehicle after only a mere showing of the validity of the underlying

11

arrest.

## EACH OF THE DEFENDANTS ARE PERSONS WHO
## ACTED UNDER COLOR OF STATE LAW

### *Defendant Christine Malafi is a "person" who acted under color of state law within the meaning of 42 U.S.C. § 1983.*

55.     While intentionally engaging in the improper and unlawful conduct described herein, defendant Malafi was clothed with the authority of local law as County Attorney for Suffolk County.

56.     The wrongs committed by defendant Malafi, and the injuries sustained by plaintiff as a result thereof, were rendered possible only because of the veil of local authority lodged in defendant Malafi by virtue of her office as the County Attorney, which was expressly created under local law.

57.     The wrongs committed by defendant Malafi constituted a misuse of the power possessed by defendant Malafi by virtue of local law and defendant Malafi's capacity and position as County Attorney.

58.     The wrongs committed by defendant Malafi were planned, orchestrated and committed during the regular business hours of defendant Malafi's official office and within the hours during which defendant Malafi is responsible for fulfilling his official duties as County Attorney.

59.     In committing the wrongs described herein, defendant Malafi held herself out to be acting in her capacity as County Attorney, and was viewed to be acting in such capacity by the persons to whom defendant Malafi influenced as described herein.

60.     Accordingly, in committing the acts described herein, defendant Malafi was a person acting under color of state law within the purview of 42 U.S.C. § 1983.

### *Defendant John Does # 1-10 are"persons" who acted under*
### *color of state law within the meaning of* **42 U.S.C. § 1983.**

61.     While intentionally engaging in the improper and unlawful conduct described herein, John Doe defendants # 1-10 were clothed with authority of being officials and/or employees of Suffolk County.

62.     The wrongs committed by said defendants, and the injuries sustained by the plaintiffs as a result thereof, were rendered possible only because of the veils of local authority lodged in said defendants by virtue of their respective offices with Suffolk County.

63.     The wrongs committed by said defendants constituted a misuse of the power possessed by said defendants by virtue of local law and defendants respective capacities and positions.

64.     The wrongs committed by said defendants were planned, orchestrated and committed during the regular business hours of defendants' official offices and within the hours during which said defendants were responsible for fulfilling their official duties as officials.

65.     In committing the wrongs described herein, said defendants held themselves out to be acting in their official capacities, and were viewed to be acting in such capacities by the persons whom said defendants influenced as described herein.

66.     Accordingly, in committing the acts described herein, defendant John Does # 1-10 were persons acting under color of state law within the purview of 42 U.S.C. § 1983.

13

## THE COUNTY IS A "PERSON" LIABLE TO THE PLAINTIFF UNDER 42 U.S.C. 1983 BECAUSE THE DEFENDANTS' ACTIONS WERE UNDERTAKEN PURSUANT TO POLICY AND/OR CUSTOM

67.     At all relevant times mentioned herein, Defendants Malafi and John Does #1-10 were all officials who held titles and positions under the defendants County Code, who were authorized to create the policies under which DWI seizure and retention hearings were to be governed.

68.     These defendants were clothed with the authority to make official government policy, and laws, on behalf of Suffolk County.

69.     As such, their wrongful actions in relation to plaintiff's application represent the County's official governmental policy.

70.     Because the actions of these defendants, as described herein above, regarding plaintiff's applications constituted the County's official policy, the County is also a "person" liable for their wrongful actions within the purview of 42 U.S.C. § 1983.

14

## CLAIM FOR RELIEF

### COUNT ONE

### DUE PROCESS CLAIMS UNDER THE
### FOURTEENTH AMENDMENTS OF THE U.S. CONSTITUTION

(Procedural Due Process - 42 U.S.C. §1983)

71.     The plaintiff repeats and reiterates the allegations set forth within paragraphs "1"
through "70" herein above, with the same force and effect as if fully set forth at length herein.

72.     At all times described herein, the plaintiff possessed the clearly established
property rights, under New York State Law, to purchase, own and enjoy his motor vehicle
without unlawful deprivation of his use or enjoyment, without unlawful and arbitrary interference
and deprivation from the defendants.

73.     As described herein above, the defendants herein deliberately deprived the
plaintiff his  property rights without due process of law by creating a policy, practice and
procedure whereby the defendants wilfully, intentionally and deliberately ignore their burden of
proof at retention hearings by not requiring the County to demonstrate that retention is necessary
to preserve the vehicle from destruction or sale during the pendency of the forfeiture proceeding,
and whether any other less restrictive measures would better protect the County's interest during
the proceeding, notwithstanding the dictates of the due process clause, the Second Circuit's
holding in Krimstock, Suffolk County Code §270-26 and the Eastern District's decision in
Sullivan against these very same defendants.

15

74.     In direct defiance of both the 14th Amendment Due Process requirements articulated in <u>Krimstock</u> and the Suffolk County Code, the defendants herein knowingly train, and/or deliberately permit, the hearing officers who "preside" over retention hearings to deliberately and systematically refuse to comport with the requirements of Due Process or the Suffolk County Code.

75.     In direct defiance of same, the County's hearing officers refuse to require that the County establish the necessity of continued retention of the vehicle.

76.     Instead, the hearing officers merely require the County to establish the validity of the initial arrest and nothing more.

77.     Once the validity of the initial arrest is "established," the County Attorneys, as permitted by the hearing officers, then proceed to assert that the "burden" of proof has now shifted to the vehicle owner to establish hardship, which the owner must establish to defeat the County's right to retain the vehicle in direct contravention to its own code and the due process standard articulated in <u>Krimstock</u>.

78.     In addition, as conducted by the County's hearing officers:

        (a)    at the retention hearing, the County is not required to produce a single witness with personal knowledge of the underlying arrest or any of the facts of the case, but may prevail in the case simply by producing the police records reflecting the underlying arrest, and, by contrast

        (b)    at the retention hearing, the owner <u>must appear personally to testify</u>, for if they appear *instead* by their attorney, as is explicitly permitted in civil

16

matters under New York CPLR 321(a), the retention hearing will not be

conducted, and the County will be entitled to retain the vehicle, thereby

winning by default, despite not having borne its burden as articulated by

the Court in <u>Krimstock</u>.

79.     In effectuating such deprivations, while simultaneously engaging in calculated,

deliberate and successful efforts to ensure that the plaintiff was deprived of due process of law,

the defendants violated the plaintiff's right to procedural due process as guaranteed under the

Fourteenth Amendment of the United States Constitution; as such, each of the defendants are

individually liable to the plaintiff pursuant to 42 U.S.C. § 1983.

80.     As set forth more fully above, the defendants' actions unlawfully deprived the

plaintiff of its property rights in violation of procedural due process as guaranteed under the

Fourteenth Amendment of the United States Constitution.

81.     Having substantially interfered with and/or deprived the plaintiff of its property

interests without having afforded the plaintiff any opportunity at a meaningful time and

meaningful manner within which to review the defendants' concerted behavior, the defendants

violated the plaintiff's right to procedural due process as guaranteed to the plaintiff under the

Fourteenth Amendment of the U.S. Constitution.

82.     As a result of the aforesaid defendants' violation of plaintiff's procedural due

process rights, the plaintiff has been damaged by being unable to use and enjoy his property and

by being unlawfully deprived of his vehicle.

83.     All of the injuries described herein above were actually and proximately caused

by the concerted acts of the defendants described herein.

84. The aforesaid defendants' violation of plaintiff's due process rights were made under color of state law, which constitutes "state action" under 42 U.S.C. § 1983.

85. Having knowingly and deliberately violated the plaintiffs Constitutionally protected rights, and concomitantly having caused the plaintiff to sustain monetary damages as a result thereof each of the defendants are personally liable to the plaintiff, and the plaintiff is entitled to secure relief against the defendants, pursuant to 42 U.S.C. §1983.

86. The actions of the defendants were performed with an affirmative intent to injure the plaintiff, and were calculated efforts which the defendants undertook with actual knowledge that their actions were in actual and deliberate violation of the plaintiff's rights.

87. In view of the forgoing, a substantial award of punitive damages against the individually named defendants is warranted.

## COUNT TWO

### DUE PROCESS CLAIMS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS OF THE U.S. CONSTITUTION

(Substantive Due Process - 42 U.S.C. §1983)

88. The plaintiff repeats and reiterates the allegations set forth within paragraphs "1" through "87" herein above, with the same force and effect as if fully set forth at length herein.

89. At all times described herein, the plaintiff was vested of constitutionally protected property rights, as set forth herein above.

90. As detailed herein above, the defendants arbitrarily, capriciously and deliberately deprived the plaintiff of such property rights, and engaged in a pattern of insidious, spiteful and malicious conduct which was oppressive in an constitutional sense, in violation of the plaintiff's

18

rights to substantive due process, as guaranteed to the plaintiff under the Fourteenth Amendment to the United States Constitution.

91.     As a result of the aforesaid defendants' violation of plaintiff's substantive due process rights, the plaintiff has been damaged by being unable to use and enjoy his property and by being unlawfully deprived of his vehicle.

92.     In light of the holding in <u>Sullivan</u> against these very same defendants, by continuing a policy, practice and procedure of deliberately refusing to prove their entire burden under the dictates of the due process clause, the holdings in <u>Krimstock</u> and <u>Sullivan</u>, and by defying their own Suffolk County Code, before unlawfully ordering the retention of vehicles, the defendants' actions should serve to shock the judicial conscience.

93.     All of the injuries described herein above were actually and proximately caused by the concerted acts of the defendants described herein.

94.     The aforesaid defendants' violation of plaintiff's due process rights were made under color of state law, which constitutes "state action" under 42 U.S.C. § 1983.

95.     Having deliberately violated the plaintiff's Constitutionally protected rights, and concomitantly having caused the plaintiff to sustain monetary damages as a result thereof each of the defendants are personally liable to the plaintiff, and the plaintiff is entitled to secure relief against the defendants, pursuant to 42 U.S.C. §1983.

96.     The actions of the defendants were performed with actual spite, malice, and an affirmative intent to injure the plaintiff, and were calculated efforts which the defendants undertook with actual knowledge that their actions were in actual and deliberate violation of the plaintiffs U.S. Constitutional rights.

19

97.     In view of the forgoing, a substantial award of punitive damages against each of the individually named defendants is warranted.

### PRAYER FOR RELIEF

**WHEREFORE,** the plaintiff requests that the Court render judgment:

### COUNT ONE

### Procedural Due Process Claim

(a)     Awarding the plaintiff compensatory damages against all defendants, jointly and severally, in the amount of Five Hundred Thousand ($500,000.00) Dollars or in such an amount as the plaintiff establishes at the time of trial; and

(b)     For punitive damages against each of the individually named defendants, in an amount equaling Five Hundred Thousand ($500,000.00) Dollars, or in such other amount as the finder of fact, or the Court deems appropriate and in accord with applicable law, and

(c)     For reasonable attorneys fees and costs pursuant to 42 U.S.C. §1988(b); and

(d)     For any and all expert fees incurred by the plaintiff, pursuant to 42 U.S.C. §1988(c); and

(e)     For such other and further relief as this court may deem just and proper.

### COUNT TWO

### Substantive Due Process Claim

(a)     Awarding the plaintiff compensatory damages against all defendants, jointly and severally, in the amount of Five Hundred Thousand ($500,000.00) Dollars or in such an amount as the plaintiff establishes at the time of trial; and

(b)     For punitive damages against each of the individually named defendants, in an amount equaling Five Hundred Thousand ($500,000.00) Dollars, or in such other amount as the finder of fact, or the Court deems appropriate and in accord with applicable law, and

(c)     For reasonable attorneys fees and costs pursuant to 42 U.S.C. §1988(b); and

(d)     For any and all expert fees incurred by the plaintiff, pursuant to 42 U.S.C. §1988(c); and

(e)     For such other and further relief as this court may deem just and proper.

Dated: Garden City, New York
       September 15, 2010

                Yours etc.,

                Campanelli & Associates, P.C.

          By: _____
                   Andrew J. Campanelli (AC4014)
                   Attorneys for Plaintiff
                   623 Stewart Avenue, Suite 203
                   Garden City, New York 11530
                   (516) 746-1600

21

# VERIFICATION

STATE OF NEW YORK     )
                             ) ss.:
COUNTY OF NASSAU     )

         JAMES FERRARI, being duly sworn, deposes and says:

         That I am the Plaintiff in the within action and I have read the foregoing

Complaint and know the contents thereof; the same are true to my own knowledge, except as to

those matters said to be upon information and belief, and as to those matters, I believe them to be

true.

                                           _____
                                              JAMES FERRARI

Sworn to before me on this
15th day of September 2010

_____
Notary Public

                            DAVID A. ANTWORK
                     Notary Public, State of New York
                           No. 02AN6154329
                       Qualified in Suffolk County
          Commission Expires October 23, 20__



1

ORIGINAL

1   THE STATE OF NEW YORK

2   COUNTY OF SUFFOLK

3   --------------------------------------------X

4   In the Matter of the Application of,

5   CHRISTINE MALAFI, SUFFOLK COUNTY ATTORNEY,

6   as Claiming Authority,

7             Petitioner,

8             -against-

9   JAMES B. FERRARI,

10            Respondent.

11  --------------------------------------------X

12            District Court

13            Central Islip, New York

14

15            June 9, 2009

16            10:25 a.m.

17

18

19

20

21  B E F O R E:  Hon. J. Dinoto

22

23

24

25

2

1    A P P E A R A N C E S:

2

3        CHRISTINE MALAFI, SUFFOLK COUNTY ATTORNEY

4            Claiming Authority

5            H. Lee Dennison Building

6            100 Veterans Memorial Highway

7            Hauppauge, New York

8

9        BY: KELLY GREEN, ESQ.

10           Assistant County Attorney

11

12       ANDREW J. CAMPANELLI, ESQ.

13           129 Front Street

14           Mineola, New York

15

16       BY: ANDREW J. CAMPANELLI ESQ.

17           Attorney for the Respondent

18

19

20

21

22

23

24

25

3

1

2          THE COURT:  Counsel, which matter

3     do you have?

4          MR. CAMPANELLI:  I have Ferrari,

5     your Honor.

6          THE COURT:  Are we ready on the

7     Ferrari matter?

8          MS. GREEN:  Yes, we are, your

9     Honor.

10          THE COURT:  Where is he?

11          MR. CAMPANELLI:  He will not be

12     intending the hearing, Your Honor.

13          THE COURT:  Oh, yes, he will.  I am

14     not going to conduct a hearing without

15     him here.

16          MR. CAMPANELLI:  I am here as his

17     Counsel.  He has consented to my

18     appearing on his behalf.  I don't think

19     he is required to testify at his own

20     hearing, your Honor.

21          THE COURT:  As far as I am

22     concerned, he is.  Credibility is a big

23     issue in any trial, and there may be a

24     determination with respect to the issues

25     that have to be addressed by Counsel

4

1       asking questions of the Witness -- a lot

2       different then having him subject to

3       cross-examination by the County

4       Attorney.  It is a lot different than

5       having hearsay testimony from you.

6              MR. CAMPANELLI:  I don't intend to

7       offer any testimony, Your Honor.  If I

8       may place my appearance on the record?

9              THE COURT:  Absolutely.

10             MR. CAMPANELLI:  My name is Andrew

11      J. Campanelli, 129 Front Street,

12      Mineola, New York.

13             Good Morning, your Honor.

14             THE COURT:  Good morning.

15             MR. CAMPANELLI:  As I understand

16      it, your Honor, this is scheduled for a

17      retention hearing under the Suffolk

18      County Code Chapter 270.  At this

19      hearing, under the Code and under the

20      Federal Law of Krimstock verses Kelly,

21      the County has the burden of

22      establishing a number of things.

23             The first of which is the validity

24      of the initial seizure of the vehicle

25      which I understand they're prepared to

5

1    do here today.  However, under both the

2    County Code and the Federal Law, they

3    will also be required to establish, here

4    today, with the absence of the County

5    continued retention of the motor

6    vehicle, the vehicle will be removed

7    from the jurisdiction or destroyed.

8    That is both Statutory Law and Case Law.

9        My client and I have discussed the

10   matter.  The vehicle is not about to be

11   removed or destroyed, and as much I

12   don't think they can establish those

13   elements, as required by both State and

14   Federal law, my client's testimony is

15   not required.  He is not required to

16   establish anything.

17       With all do respect to the Court,

18   the County has the burden.  Having

19   discussed with my client, he chose to

20   send me on his behalf to handle this

21   hearing.  I have handled about 3,000 of

22   them, and I am prepared to proceed here

23   today.  I submit that the County will

24   not be able to establish its burden.

25       THE COURT:  Madam County Attorney?

1      MS. GREEN:  Your Honor, I believe

2    that the County will be able to

3    establish its burden.

4      THE COURT:  Counsel, come up here.

5      (WHEREUPON, there a discussion was

6    held off the record after which the

7    following transpired:)

8      THE COURT:  This is matter of James

9    B. Ferrari.

10      I made a statement -- we just

11    finished a conference at the bench.  I

12    made a statement that I won't conduct

13    the hearing without Mr. Ferrari being

14    here.  That is based upon the statute

15    and the issues that the statute raises

16    and considers.

17      Let me hear from you, Counsel.

18      MR. CAMPANELLI:  Your Honor, Good

19    morning.

20      Your Honor, with all do respect to

21    the Court, I have in my possession a

22    Notice of Seizure and Hearing which was

23    served --

24      THE COURT:  Counsel, this is a

25    motion by you to proceed without your

1        client, correct?

2            MR. CAMPANELLI:  Yes, your Honor.

3            THE COURT:  That's what we're

4        doing?

5            MR. CAMPANELLI:  Yes.

6            THE COURT:  Go ahead.

7            MR. CAMPANELLI:  Your Honor, I have

8        in my possession, and I think that the

9        Prosecutor will stipulate, that I have a

10       Notice of Seizure and Hearing which was

11       served upon Mr. Ferrari advising him of

12       his rights to appear here today for a

13       seizure -- a retention hearing under the

14       Suffolk County Code, Chapter 270, in

15       connection with the County seizure of

16       this 2003 Ferrari.  Having discussed the

17       matter with Mr. Ferrari, I have been

18       retained by Mr. Ferrari as his attorney.

19       I am here today for the hearing and

20       prepared to proceed at the direction of

21       my client.  I, respectfully submit to

22       the Court, that the purpose of this

23       hearing is to enable or to afford the

24       County opportunity to establish several

25       elements and thereby establish

8

1    entitlement to the retention and more
2    specifically, the continued retention of
3    the Ferrari.
4         I, respectfully submit to the
5    Court, that under the Suffolk County
6    Code, Chapter 270, it clearly states
7    that the County has the burden of
8    establishing several things in order to
9    empower this Court to allow the County
10   to maintain continued retention of this
11   motor vehicle and those things are:  A,
12   the validity of the initial seizure of
13   the motor vehicle.  B, more importantly,
14   that in the absence of the continued
15   retention of this particular motor
16   vehicle, this vehicle is about to be
17   either removed from the jurisdiction or
18   destroyed.  As I stated to the Court
19   earlier, Mr. Ferrari has no burden of
20   establishing anything with regard to the
21   underlying elements.  Moreover, under
22   the Federal Court holding of Krimstock
23   verses Kelly, this Court may not, as
24   being barred by the United States
25   Constitution, permit the County to

9

```
 1        maintain continued retention of the
 2        motor vehicle in the absence of
 3        establishing:  A, the probable validity
 4        of the initial seizure.  The validity of
 5        the continued retention and that
 6        something short of continued retention,
 7        such as an order regarding the removal
 8        of the car under the jurisdiction would
 9        not suffice.
10             Mr. Ferrari, I respectfully submit,
11        your Honor, has absolutely no burden of
12        establishing anything with regard to
13        those elements and the County has the
14        entire burden.  Moreover, as the Court
15        is acutely aware, there are criminal
16        charges pending against Mr. Ferrari in
17        connection with the underlying DWI
18        arrest.  For that reason, he does not
19        wish to testify because, of course,
20        anything he would testify to could be
21        continually used against him, nor can
22        this Court compel him to testify given
23        the fact that the criminal case is
24        pending.  Under such circumstances, I am
25        here on the date that was noticed by the
```

10

1        County --

2             THE COURT:  Counsel, let me just

3        interrupt one second.  You concede that

4        if Mr. Ferrari were here and he was

5        called to the stand and he was asked

6        questions, that he could take the fifth?

7             MR. CAMPANELLI:  Yes, he could,

8        your Honor.

9             THE COURT:  Go ahead and continue.

10            MR. CAMPANELLI:  So, in light of

11       the fact that he is under no obligation

12       to establish anything in connection with

13       the hearing, the entire burden under

14       both State Law and, specifically,

15       Suffolk County Chapter 270 and the

16       Federal Law of Krimstock, I am prepared,

17       ready, willing, and able to proceed with

18       my client's full consent and I would

19       request permission to do so, your Honor.

20            THE COURT:  Madam County Attorney?

21            MS. GREEN:  The County requests

22       that all motions be made in writing on

23       paper.  My understanding of the

24       Krimstock is entirely different then

25       Counsel's.

```
 1            THE COURT:  The question of whether
 2       the motion is going to be orally
 3       entertained or whether the Court will
 4       direct that the motion be made on proper
 5       papers has already been determined by
 6       me.  I have allowed your oral arguments,
 7       and I want a response to you in
 8       opposition to the request of Counsel.
 9            MS. GREEN:  My response?
10            THE COURT:  I have already allowed
11       and heard his oral arguments.
12            MS. GREEN:  My response is to allow
13       me sometime to research his points.
14       Your Honor, I need time.
15            MR. CAMPANELLI:  May I respond to
16       that, your Honor?
17            THE COURT:  Go ahead.
18            MR. CAMPANELLI:  The date for this
19       hearing was requested by Counsel and set
20       by the Court.  There have been no
21       request for an adjournment prior to
22       today.  In fact, Counsel for the
23       prosecution has advised to they will
24       proceed -- to proceed with this hearing.
25       We're ready to go.  I don't know why a
```

12

```
 1        motion is even necessary.  This is the
 2        date that was noted for the hearing as
 3        required by the constitutional
 4        constraints which protects my clients
 5        interests.  He is here for the hearing.
 6        We're ready.  I don't know why a motion
 7        to proceed is necessary when this is the
 8        date we have been given and neither
 9        party has asked for an adjournment.
10             THE COURT:  I understand that.
11             Do you oppose the motion?
12             MS. GREEN:  Yes, your Honor.
13             THE COURT:  Motion denied.
14             MR. CAMPANELLI:  Your Honor, I
15        would like a written decision.
16             THE COURT:  Motion denied.
17             MR. CAMPANELLI:  Thank you, your
18        Honor.
19             THE COURT:  Now, what do we do
20        about an adjourned date?  We still have
21        this matter on our calendar.
22             MR. CAMPANELLI:  I understand, your
23        Honor.  With all do respect to the
24        Court, I would respectfully request the
25        reporter's information.  I intend to
```

13

1        file an order to show cause and

2        immediate appeal.  I have no choice,

3        your Honor.  My client does not intend

4        to testify.  If the Court is disinclined

5        to proceed in his absence, I have to

6        seek permission from Federal Court.

7              THE COURT:  Okay.

8              MR. CAMPANELLI:  Thank you, Judge.

9        May I approach the bench to get the

10       Reporter's information, Judge?

11             THE COURT:  Yes.

12             (WHEREUPON, this hearing was

13       concluded at 10:40 a.m.)

14                    *         *         *

15

16

17

18

19

20

21

22

23

24

25

14

1

2

3                    C E R T I F I C A T I O N

4    STATE OF NEW YORK      )

5            SS:

6    COUNTY OF SUFFOLK      )

7            I, MELISSA POWELL, a Shorthand Reporter and

8    Notary Public of the State of New York, do hereby

9    certify:

10        That the within transcript prepared by me is a true

11   and accurate record of this hearing, to the best of my

12   ability.

13        I further certify that I am not related to any of the

14   parties to this action by blood or by marriage and that

15   I am in no way interested in the outcome of this matter.

16        IN WITNESS WHEREOF, I have hereunto set my hand ____

17   day of _____, 2009.

18

19

20

21

22

23        MELISSA POWELL

24

25

## 1

**10:25** [1] 1:16
**10:40** [1] 13:13
**100** [1] 2:6
**129** [2] 2:13 4:11

## 2

**2003** [1] 7:16
**2009** [1] 1:15
**270** [4] 4:18 7:14 8:6 10:15

## 3

**3,000** [1] 5:21

## 9

**9** [1] 1:15

## A

**a.m** [2] 1:16 13:13
**ability** [1] 14:12
**able** [3] 5:24 6:2 10:17
**absence** [4] 5:4 8:14 9:2 13:5
**absolutely** [2] 4:9 9:11
**accurate** [1] 14:11
**action** [1] 14:14
**acutely** [1] 9:15
**addressed** [1] 3:25
**adjourned** [1] 12:20
**adjournment** [2] 11:21 12:9
**advised** [1] 11:23
**advising** [1] 7:11
**afford** [1] 7:23
**ahead** [3] 7:6 10:9 11:17
**allow** [2] 8:9 11:12
**allowed** [2] 11:6,10
**already** [2] 11:5,10
**andrew** [3] 2:12,16 4:10
**appeal** [1] 13:2
**appear** [1] 7:12
**appearance** [1] 4:8
**appearing** [1] 3:18
**application** [1] 1:4
**approach** [1] 13:9
**arguments** [2] 11:6,11
**arrest** [1] 9:18
**assistant** [1] 2:10
**attorney** [8] 1:5 2:3,10,17 4:4 5:25 7:18 10:20
**authority** [1] 6:2 2:4
**aware** [1] 9:15

## B

**barred** [1] 8:24
**based** [1] 6:14
**behalf** [2] 3:18 5:20
**believe** [1] 6:1
**bench** [2] 6:11 13:9
**best** [1] 14:11
**big** [1] 3:22
**blood** [1] 14:14
**both** [4] 5:1,8,13 10:14
**building** [1] 2:5
**burden** [9] 4:21 5:18,24 6:3 8:

## C

**7,19** 9:11,14 10:13

**calendar** [1] 12:21
**called** [1] 10:5
**campanelli** [21] 2:12,16 3:4,11, 16 4:6,10,11,15 6:18 7:2,5,7 10:7,10 11:15,18 12:14,17,22 13:8
**car** [1] 9:8
**case** [2] 5:8 9:23
**cause** [1] 13:1
**central** [1] 1:13
**certify** [2] 14:9,13
**chapter** [4] 4:18 7:14 8:6 10: 15
**charges** [1] 9:16
**choice** [1] 13:2
**chose** [1] 5:19
**christine** [2] 1:5 2:3
**circumstances** [1] 9:24
**claiming** [1] 1:6 2:4
**clearly** [1] 8:6
**client** [5] 5:9,19 7:1,21 13:3
**client's** [1] 5:14 10:18
**clients** [1] 12:4
**code** [5] 4:18,19 5:2 7:14 8:6
**come** [1] 6:4
**compel** [1] 9:22
**concede** [1] 10:3
**concerned** [1] 3:22
**concluded** [1] 13:13
**conduct** [2] 3:14 6:12
**conference** [1] 6:11
**connection** [2] 7:15 9:17 10: 12
**consent** [1] 10:18
**consented** [1] 3:17
**considers** [1] 6:16
**constitution** [1] 8:25
**constitutional** [1] 12:3
**constraints** [1] 12:4
**continually** [1] 9:21
**continue** [1] 10:9
**continued** [7] 5:5 8:2,10,14 9: 1,5,6
**correct** [1] 7:1
**counsel** [10] 3:2,17,25 6:4,17, 24 10:2 11:8,19,22
**counsel's** [1] 10:25
**county** [26] 1:2,5 2:3,10 4:3,18, 21 5:2,4,18,23,25 6:2 7:14,15, 24 8:5,7,9,25 9:13 10:1,15,20, 21 14:6
**course** [1] 9:19
**court** [41] 1:12 3:2,6,10,13,21 4: 9,14 5:17,25 6:4,8,21,24 7:3,6, 22 8:5,9,18,22,23 9:14,22 10:2, 9,20 11:1,3,10,17,20 12:10,13, 16,19,24 13:4,6,7,11
**credibility** [1] 3:22
**criminal** [2] 9:15,23
**cross-examination** [1] 4:3

## D

**date** [5] 9:25 11:18 12:2,8,20
**day** [1] 14:17
**decision** [1] 12:15
**denied** [2] 12:13,16
**dennison** [1] 2:5
**destroyed** [3] 5:7,11 8:18
**determination** [1] 3:24
**determined** [1] 11:5
**different** [3] 4:2,4 10:24
**dinoto** [1] 1:21
**direct** [1] 11:4
**direction** [1] 7:20
**discussed** [3] 5:9,19 7:16
**discussion** [1] 6:5
**disinclined** [1] 13:4
**district** [1] 1:12
**doing** [1] 7:4
**dwi** [1] 9:17

## E

**earlier** [1] 8:19
**either** [1] 8:17
**elements** [4] 5:13 7:25 8:21 9: 13
**empower** [1] 8:9
**enable** [1] 7:23
**entertained** [1] 11:3
**entire** [2] 9:14 10:13
**entirely** [1] 10:24
**entitlement** [1] 8:1
**esq** [3] 2:9,12,16
**establish** [8] 5:3,12,16,24 6:3 7:24,25 10:12
**establishing** [5] 4:22 8:8,20 9: 3,12
**even** [1] 12:1

## F

**fact** [3] 9:23 10:11 11:22
**far** [1] 3:21
**federal** [6] 4:20 5:2,14 8:22 10: 16 13:6
**ferrari** [14] 1:9 3:4,7 6:9,13 7: 11,16,17,18 8:3,19 9:10,16 10: 4
**fifth** [1] 10:6
**file** [1] 13:1
**finished** [1] 6:11
**first** [1] 4:23
**following** [1] 6:7
**front** [2] 2:13 4:11
**full** [1] 10:18
**further** [1] 14:13

## G

**given** [2] 9:22 12:8
**green** [7] 2:9 3:8 6:1 10:21 11: 9,12 12:12

## H

**hand** [1] 14:16
**handle** [1] 5:20

**handled** [1] 5:21
**hauppauge** [1] 2:7
**hear** [1] 6:17
**heard** [1] 11:11
**hearing** [19] 3:12,14,20 4:17, 19 5:21 6:13,22 7:10,13,19,23 10:13 11:19,24 12:2,5 13:12 14:11
**hearsay** [1] 4:5
**held** [1] 6:6
**hereby** [1] 14:8
**hereunto** [1] 14:16
**highway** [1] 2:6
**holding** [1] 8:22
**hon** [1] 1:21
**honor** [22] 3:5,9,12,20 4:7,13, 16 6:1,18,20 7:2,7 9:11 10:8, 19 11:14,16 12:12,14,18,23 13: 3
**however** [1] 5:1

## I

**immediate** [1] 13:2
**importantly** [1] 8:13
**information** [2] 12:25 13:10
**initial** [3] 4:24 8:12 9:4
**intend** [3] 4:6 12:25 13:3
**intending** [1] 3:12
**interested** [1] 14:15
**interests** [1] 12:5
**interrupt** [1] 10:3
**islip** [1] 1:13
**issue** [1] 3:23
**issues** [2] 3:24 6:15

## J

**james** [2] 1:9 6:8
**judge** [2] 13:8,10
**june** [1] 1:15
**jurisdiction** [3] 5:7 8:17 9:8

## K

**kelly** [3] 2:9 4:20 8:23
**krimstock** [4] 4:20 8:22 10:16, 24

## L

**law** [7] 4:20 5:2,8,8,14 10:14,16
**lee** [1] 2:5
**light** [1] 10:10
**lot** [2] 4:1,4

## M

**madam** [2] 5:25 10:20
**made** [4] 6:10,12 10:22 11:4
**maintain** [2] 8:10 9:1
**malafi** [1] 1:5 2:3
**marriage** [1] 14:14
**matter** [8] 1:4 3:2,7 5:10 6:8 7: 17 12:21 14:15
**melissa** [2] 14:7,23
**memorial** [1] 2:6
**mineola** [2] 2:14 4:12
**moreover** [2] 8:21 9:14

Five Star Reporting, Inc.
***** Suites in all Boroughs *****
(631) 224-5054

Sheet 1

10:25 - moreover

morning [3] 4:13,14 6:19
motion [8] 6:25 11:2,4 12:1,6, 11,13,16
motions [1] 10:22
motor [5] 5:5 8:11,13,15 9:2
ms [6] 3:8 6:1 10:21 11:9,12 12: 12
much [1] 5:11

**N**

name [1] 4:10
necessary [2] 12:1,7
need [1] 11:14
neither [1] 12:8
new [7] 1:1,13 2:7,14 4:12 14:4, 8
nor [1] 9:21
notary [1] 14:8
noted [1] 12:2
notice [2] 6:22 7:10
noticed [1] 9:25
number [1] 4:22

**O**

obligation [1] 10:11
offer [1] 4:7
okay [1] 13:7
one [1] 10:3
opportunity [1] 7:24
oppose [1] 12:11
opposition [1] 11:8
oral [2] 11:6,11
orally [1] 11:2
order [3] 8:8 9:7 13:1
outcome [1] 14:15
own [1] 3:19

**P**

paper [1] 10:23
papers [1] 11:5
particular [1] 8:15
parties [1] 14:14
party [1] 12:9
pending [2] 9:16,24
permission [2] 10:19 13:6
permit [1] 8:25
petitioner [1] 1:7
place [1] 4:8
points [1] 11:13
possession [2] 6:21 7:8
powell [1] 14:7,23
prepared [5] 4:25 5:22 7:20 10: 16 14:10
prior [1] 11:21
probable [1] 9:3
proceed [8] 5:22 6:25 7:20 10: 17 11:24,24 12:7 13:5
proper [1] 11:4
prosecution [1] 11:23
prosecutor [1] 7:9
protects [1] 12:4
public [1] 14:8
purpose [1] 7:22

**Q**

question [1] 11:1
questions [2] 4:1 10:6

**R**

raises [1] 6:15
ready [4] 3:6 10:17 11:25 12:6
reason [1] 9:18
record [3] 4:8 6:6 14:11
regard [2] 8:20 9:12
regarding [1] 9:7
related [1] 14:13
removal [1] 9:7
removed [3] 5:6,11 8:17
reporter [1] 14:7
reporter's [2] 12:25 13:10
request [4] 10:19 11:8,21 12: 24
requested [1] 11:19
requests [1] 10:21
required [6] 3:19 5:3,13,15,15 12:3
research [1] 11:13
respect [4] 3:24 5:17 6:20 12: 23
respectfully [4] 7:21 8:4 9:10 12:24
respond [1] 11:15
respondent [2] 1:10 2:17
response [2] 11:7,9,12
retained [1] 7:18
retention [10] 4:17 5:5 7:13 8: 1,2,10,15 9:1,5,6
rights [1] 7:12

**S**

scheduled [1] 4:16
second [1] 10:3
seek [1] 13:6
seizure [7] 4:24 6:22 7:10,13, 15 8:12 9:4
send [1] 5:20
served [2] 6:23 7:11
set [2] 11:19 14:16
several [2] 7:24 8:8
short [1] 9:6
shorthand [1] 14:7
show [1] 13:1
sometime [1] 11:13
specifically [2] 8:2 10:14
ss [1] 14:5
stand [1] 10:5
state [5] 1:1 5:13 10:14 14:4,8
stated [1] 8:18
statement [2] 6:10,12
states [2] 8:6,24
statute [2] 6:14,15
statutory [1] 5:8
still [1] 12:20
stipulate [1] 7:9
street [2] 2:13 4:11
subject [1] 4:2

submit [4] 5:23 7:21 8:4 9:10
suffice [1] 9:9
suffolk [8] 1:2,5 2:3 4:17 7:14 8:5 10:15 14:6

**T**

testify [5] 3:19 9:19,20,22 13:4
testimony [3] 4:5,7 5:14
thereby [1] 7:25
today [6] 5:1,4,23 7:12,19 11: 22
transcript [1] 14:10
transpired [1] 6:7
trial [1] 3:23
true [1] 14:10

**U**

under [11] 4:17,19,19 5:1 7:13 8:5,21 9:8,24 10:11,13
underlying [2] 8:21 9:17
understand [4] 4:15,25 12:10, 22
understanding [1] 10:23
united [1] 8:24
up [1] 6:4

**V**

validity [4] 4:23 8:12 9:3,4
vehicle [9] 4:24 5:6,6,10 8:11, 13,16,16 9:2
verses [2] 4:20 8:23
veterans [1] 2:6

**W**

way [1] 14:15
whereof [1] 14:16
whereupon [2] 6:5 13:12
whether [2] 11:1,3
will [9] 3:11,13 5:3,6,23 6:2 7:9 11:3,23
willing [1] 10:17
wish [1] 9:19
within [1] 14:10
without [3] 3:14 6:13,25
witness [2] 4:1 14:16
writing [1] 10:22
written [1] 12:15

**Y**

york [7] 1:1,13 2:7,14 4:12 14:4, 8

Five Star Reporting, Inc.
***** Suites in all Boroughs *****
(631) 224-5054

**Errata Sheet**

I, _____, have read the entire transcript of the hearing held on
_____ [date]. I request that the following changes be entered into the
record for the reasons indicated. The errata sheet below should be attached to the
original transcript and the court copy of the transcript .

Reason Code:   1 Misspelling
               2 Wrong word
               3 Wrong speaker
               4 Other (explain)

| Page/Line | Correction or Change | Reason Code |
|-----------|----------------------|-------------|
|           |                      |             |
|           |                      |             |
|           |                      |             |
|           |                      |             |
|           |                      |             |
|           |                      |             |
|           |                      |             |
|           |                      |             |
|           |                      |             |
|           |                      |             |
|           |                      |             |
|           |                      |             |
|           |                      |             |
|           |                      |             |
|           |                      |             |
|           |                      |             |
|           |                      |             |
|           |                      |             |
|           |                      |             |
|           |                      |             |

Date: _____     Signature: _____

                                  Address: _____

                                  _____

FIVE STAR REPORTING, INC.
3132 Union Boulevard
East Islip, New York 11730
(631) 224-5054