UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JAMES B. FERRARI

                         Plaintiff,                        10-cv-4218
                                                    (JS)(WDW)

      - against -

COUNTY OF SUFFOLK,
CHRISTINE MALAFI, individually,
JOHN DOES # 1-10, individually,

                         Defendants.
-------------------------------------------------------------------X


**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO THE
DEFENDANTS' MOTIONS TO DISMISS THE COMPLAINT**


                                      Respectfully submitted,
                                        **CAMPANELLI & ASSOCIATES, P.C.**
                                        Attorneys for Plaintiff

            By:       _____s/_____
                                    David A. Antwork, Esq. (DA 1168)
                                    623 Stewart Avenue, Suite 203
                                    Garden City, New York 11530
                                    Tel: (516) 746-1600
                                    Fax: (516) 746-2611

## TABLE OF CONTENTS

**STATEMENT OF FACTS** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

**LEGAL ARGUMENT** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

   I.     **PROPER SERVICE WAS EFFECTUATED UPON
          DEFENDANT CHRISTINE MALAFI PERSONALLY** . . . . . . . . . . . . . . . . .9

   II.    **THE PLAINTIFF HAS PROPERLY ARTICULATED A CAUSE
          OF ACTION FOR DENIAL OF PROCEDURAL DUE PROCESS** . . . . . . .11

          A.    **Applicable Standard of Review Pursuant to
                Fed R. Civ. P. 12(b)(6)** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

          B.    **The Plaintiff Was Clearly Vested With a Property Interest
                In His Automobile** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .12

          C.    **By Wilfully Failing to Adhere to the 14th Amendment
                Krimstock and the Suffolk County Code, the Defendants
                Deprived the Plaintiff of His Automobile
                Without Due Process of Law** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

   III.   **THE PLAINTIFF HAS PROPERLY ARTICULATED A CAUSE
          OF ACTION FOR DENIAL OF SUBSTANTIVE DUE PROCESS** . . . . . . .18

   IV.    **THE PLAINTIFF HAS SUFFICIENTLY ALLEGED THE
          PERSONAL INVOLVEMENT OF DEFENDANT MALAFI
          IN VIOLATING HIS CONSTITUTIONAL RIGHTS** . . . . . . . . . . . . . . . . . 19

   V.     **THE PLAINTIFF HAS SUFFICIENTLY ALLEGED MUNICIPAL
          LIABILITY ON THE PART OF THE DEFENDANT COUNTY** . . . . . . . . .21

   VI.    **DEFENDANT MALAFI IS NOT ENTITLED TO
          QUALIFIED IMMUNITY** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .22

**CONCLUSION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .24

i

# TABLE OF AUTHORITIES

**Federal Cases**

Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009). . . . . . . . . . . . . . . . . . . . . . . . . . . .11,12

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Boddie v. Connecticut, 401 U.S. 371 (1971) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Boyle v. County of Suffolk, et al., 10-CV-3606 (E.D.N.Y. 2010) . . . . . . . . . . . . . . . . . . . . . 15,16

Brady v. Town of Colchester, 863 F.2d 205, 211 (2d Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . .13

Cahill v. St. Mary's Hospital, 20 F.R.D. 103, 104 (E.D.N.Y. 1956) . . . . . . . . . . . . . . . . . . . . . 11

Chacko v. Worldwide Flight Services, Inc., 2010 WL 424025 at *1 (E.D.N.Y. Feb. 3, 2010). . .12

Ellenhorn v. Superintendent of Securities of State, 1999 WL 804123 (S.D.N.Y. 1999). . . . . . 19

Garcia v. Senkowski, 919 F. Supp. 609 (N.D.N.Y. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Honess 52 Corp. v. Town of Fishkill, et al., 1 F. Supp. 2d 294, 300 (S.D.N.Y. 1998). . . . . . . .18

Insurance Company of North America v. Pyramid Insurance Company of Bermuda Ltd.,
1994 WL 88754 (S.D.N.Y. 1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Kaluczky v. City of White Plains, 57 F. 3d 202, 211 (2d Cir. 1995). . . . . . . . . . . . . . . . . . . . . .18

Krimstock v. Kelly, 306 F.3d 40 (2nd Cir. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1,2,14

Lee v. Thornton, 538 F.2d 27, 32-33 (2d Cir. 1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Luna v. Pico, 356 F.3d 481, 490 (2d Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .22

McKenna v. Wright, 386 F.3d 432, 436 (2d Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

Messina v. Mazzeo, 854 F.Supp. 116 (E.D.N.Y. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .20

Monell v. Department of Social Services of the City of New York, 436 U.S. 658 (1978). . . . . .21

Moore v. Trippe, 743 F. Supp. 201 (S.D.N.Y. 1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

ii

Odom v. Calero, 2008 U.S. Dist. LEXIS 11582 (S.D.N.Y. February 19, 2008). . . . . . . . . . . . .22

Riley v. Town of Bethlehem, 44 F. Supp. 2d 451, 465 (N.D.N.Y. 1999). . . . . . . . . . . . . . . .12

Sudler v. City of New York, 2010 WL 68095 at *5 (S.D.N.Y. Jan. 8, 2010). . . . . . . . . . . . . .12

Sullivan v County of Suffolk, et al., CV-04-3651 (E.D.N.Y. 2006) . . . . . . . . . . . . . . . . . . . . . 4

Sutton v. City of Milwaukee, 672 F.2d 644 (7th Cir. 1982). . . . . . . . . . . . . . . . . . . . . . . . . . .13

Villager Pond Inc. v. Town of Darien, 56 F.3d 375 (2d Cir. 1995). . . . . . . . . . . . . . . . . . . . . .23

**State Cases**

SAN-DAR Associates v. Adams, 167 Misc.2d 727 (Appellate Term 1996) . . . . . . . . . . . . . . .6,16

## STATEMENT OF FACTS

The defendant County of Suffolk has implemented and maintained a DWI seizure program, within which it: (a) seizes and retains possession of motor vehicles incident to DWI arrests within the County, and (b) thereafter subjects such vehicle to civil forfeiture, as "the instrumentality of a crime."

Under such program being carried out by the defendants, upon the arrest of an individual charged with an offense under VTL §1192, the defendants cause the seizure of the vehicle being operated, and immediately deprive the owner of such vehicle from possession and use of same.

The statutory basis of the defendants' authority to seize and retain possession of vehicles, adversely to the rights of the vehicles' owners, is Suffolk County Code §270.

However, under the constraints of both the Suffolk County Code and the 14th Amendment to the United States Constitution, the defendants are statutorily required to afford vehicle owners with due process, before effectuating a continued deprivation of their vehicle.

In a measure which amounts to little more than a transparent gesture of affording "due process" to vehicle owners who have not been convicted of any crime, but whose vehicles are nonetheless being retained by the County, the County purports to offer such owners "retention hearings" at which the owners are purportedly afforded an opportunity to challenge the County's seizure and continued retention of their respective vehicle.

After the City of New York, and both the Counties of Nassau and Suffolk had each implemented DWI seizure programs, in the matter of <u>Krimstock v. Kelly</u>, the U.S. District Court, Southern District of New York, entertained a challenge to the Constitutionality of the City's seizure and continued retention of motor vehicles from respective owners whom had not

1

been convicted of any crime.

In 2002, on appeal from the Southern District, the Court of Appeals for the Second Circuit explicitly ruled that to comport with the constraints of the Due Process Clause of the 14th Amendment, a municipality which seizes and seeks to retain possession of a motor vehicle under a DWI seizure program must provide the owner of such vehicle with a prompt "retention hearing" at which the respective owner may challenge both the initial seizure of the vehicle, as well as the continued retention thereof.  Krimstock v. Kelly, 306 F.3d 40 (2nd Cir. 2002).

In rendering such a ruling, the Second Circuit explicitly set the standard that, to establish entitlement to retain possession of a seized vehicle, the municipality ***must establish both*** (a) the validity and probable cause for the underlying arrest and seizure; and (b) the necessity and legitimacy of continued retention.

Separate and apart from the 14th Amendment, under Suffolk County's own Administrative Code provision, at any such retention hearing the County is also ***required*** to determine whether probable cause existed for the defendant's warrantless arrest, whether the County is likely to succeed on the merits of the forfeiture action, whether retention is necessary to preserve the vehicle from destruction or sale during the pendency of the forfeiture proceeding, and whether any other less restrictive measures would better protect the County's interest during the proceeding, including, but not limited to:

     (a)    Issuance of a restraining order prohibiting the sale, transfer, or loss of the vehicle with the imposition(s) of appropriated penalties for violation of said restraining order;

     (b)    Taking of a bond; and/or

(c)     Use of an interlock device.

In direct defiance of both the 14th Amendment Due Process requirements articulated in Krimstock and the Suffolk County Code, the defendants herein knowingly train, and/or deliberately permit, the hearing officers who "preside" over retention hearings to deliberately and systematically refuse to comport with the requirements of Due Process or the Suffolk County Code.

In direct defiance of same, the County's hearing officers refuse to require that the County establish the necessity of continued retention of the vehicle in lieu of other less restrictive means.

Instead, the hearing officers merely require the County to establish the validity of the initial arrest and nothing more.

Once the validity of the initial arrest is "established," the County Attorneys, as permitted by the hearing officers, then proceed to assert that the "burden" of proof has now shifted to the vehicle owner to establish hardship, which the owner must establish to defeat the County's right to retain the vehicle in direct contravention to its own code and the due process standard articulated in Krimstock.

In addition, as conducted by the County's hearing officers:

   (a) at the retention hearing, the County is not required to produce a single witness with personal knowledge of the underlying arrest or any of the facts of the case, but may prevail in the case simply by producing the police records reflecting the underlying arrest, and, by contrast

    (b)    at the retention hearing, the owner <u>must appear personally to</u> <u>testify</u>, for if they appear *instead* by their attorney, as is explicitly permitted in civil matters under New York CPLR 321(a), the retention hearing will not be conducted, and the County will be entitled to retain the vehicle, thereby winning by default, despite not having borne its burden as articulated by the Court in <u>Krimstock</u>.

### Suffolk County and Malafi Have a History of Failing to Abide by <u>Their Own Code and the Due Process Clause of the 14th Amendment</u>

As a result of the defendants' deliberate violation of the constraints of both the 14th Amendment, and the Suffolk County Code, in 2004, an action was commenced against both defendant Malafi, and Suffolk County (et al.) in the United States District Court for the Eastern District of New York, pursuant to 42 U.S.C. § 1983, under case number CV-04-3651, <u>Sullivan v County of Suffolk, et al</u>.

In <u>Sullivan</u>, defendant Malafi was sued individually for violations of the Fourth, Eighth and Fourteenth Amendments for, just as in the matter herein, skewing the hearings and not meeting the mandatory constitutional standards set forth in <u>Krimstock</u> and the Suffolk County Code.

In a situation strikingly similar to the instant matter, the County was only required to show the validity of the arrest and was not required and thus failed to prove that the retention of the vehicle was necessary and that other less obtrusive means would suffice.

In <u>Sullivan</u>, the jury found that Malafi and the County violated plaintiff's rights by failing to meet the standards set by the 14th Amendment and the Suffolk County Code. However, the jury only awarded one dollar in damages but only because the County had offered to give the plaintiff his car back prior to the commencement of the lawsuit.

Emboldened by the mere one dollar award, Malafi and the County have intentionally and willfully continued their campaign to violate the rights of those whose cars have been seized by requiring owners to appear personally for retention hearings and by improperly shifting the burden of continued retention to the owner to show hardship or some other necessity rather than on the County as required by the County Code and the constraints of the due process clause.

As trained by defendant John Does 1-10, the County's hearing officers do not require the County Attorney to produce any evidence, factual witnesses, or anyone who possesses personal knowledge of the case whatsoever tending to show that the retention of the vehicle is necessary to preserve the vehicle absent alternative measures as they are required to do under the Suffolk County Code.

Yet the hearing officers permit the County to "prevail" in establishing entitlement to retain possession of seized vehicles, merely by introducing records of the underlying arrest, but without satisfying its entire burden pursuant to the Suffolk County Code, in complete degradation of the owners due process rights.

## Seizure of Plaintiff's Property Without Due Process

On or about May 26, 2009, following an arrest for an alleged DWI, the defendant County seized the plaintiff's vehicle, a 2003 Ferrari 360 Spider, VIN: ZFFYU51A530130678.

On or about the 28th day of May, 2009, the defendants served the plaintiff with a Notice of Seizure and Hearing scheduling the Retention Hearing for the plaintiff's vehicle for June 9, 2009 at 9:30 a.m.

The civil forfeiture action and the preceding retention hearing are civil actions, and New York Civil Practice Laws and Rules (CPLR) explicitly provides that a party may defend a civil action "in person *or* by an attorney" CPLR 321(a)(emphasis supplied).

Since it is the plaintiff who bears the burden of proof in any civil matter, a defendant is under no obligation to present evidence or witnesses. *See e.g.* <u>SAN-DAR Associates v. Adams,</u> 167 Misc.2d 727 (Appellate Term 1996).

Moreover, unless subpoenaed by the plaintiff, a defendant within a civil action is under no obligation to appear personally.  He may, instead, appear solely by their attorney, who can dispute the plaintiff's evidence at any trial or hearing.  <u>Id</u>.; CPLR 321(a).

On or about June 9, 2009, the plaintiff herein appeared by counsel at the retention hearing.  (a true copy of the transcript of the June 9, 2009 hearing is annexed to the Complaint as Exhibit "A").

At the hearing, when plaintiff's counsel stated that he was appearing on behalf of plaintiff, the judicial hearing officer, Hon. J. Dinoto, stated, "I am not going to conduct a hearing without him here" and refused to conduct the hearing without the presence of the plaintiff, which according to the CPLR was not required.

Both the County attorney and plaintiff were ready to proceed but the hearing officer refused to allow the hearing to go forward.  Accordingly, the hearing was needlessly adjourned nearly three months until September 1, 2009.

On or about September 1, 2009 plaintiff again appeared by counsel at a second retention hearing.  (Annexed hereto as Exhibit "D" is a true copy of the September 1, 2009 hearing).

As is the policy, practice and procedure of the defendants, at the second retention hearing, the County was not required to meet its entire burden of demonstrating whether probable cause existed for the defendant's warrantless arrest, whether the County is likely to succeed on the merits of the forfeiture action, whether retention is necessary to preserve the vehicle from destruction or sale during the pendency of the forfeiture proceeding, and whether any other less restrictive measures would better protect the County's interest during the proceeding, notwithstanding the dictates of the due process clause, the Second Circuit's holding in Krimstock, Suffolk County Code §270-26 and the Eastern District's decision in Sullivan against these very same defendants.

In fact, directly contrary to Suffolk County Code §270-26, the County Attorney shifted the burden to the plaintiff and informed the Court that, "Mr. Ferrari needs to testify as to what his hardship is going to be in this particular case.  If he is not here to testify, he can't show a hardship , therefore, [plaintiff] does have the burden under the [Suffolk County Code] to show hardship and should be present."

The only element that the County Attorney even attempted to show, let alone actually proved, was that there was probable cause for the underlying stop and arrest.

The County Attorney presented absolutely no evidence or witnesses whatsoever to demonstrate the County's need for retention of the vehicle as opposed to the other alternative means as they are required to do pursuant to Suffolk County Code §270-26.

At this second retention hearing, Mr. Ferrari's counsel repeatedly tried to inform the County Attorney and the Court of the dictates of §270-26 and more specifically that in order to obtain a retention order, the County Attorney had the burden of not only proving the probable

7

cause of the underlying arrest, but that the County was **_required_** to show that retention is necessary to preserve the vehicle from destruction or sale during the pendency of the forfeiture proceeding, and whether any other less restrictive measures would better protect the County's interest during the proceeding, such as a restraining order, a bond or the use of an interlock device.

Notwithstanding the County Attorney's utter failure to prove that retention of the plaintiff's vehicle was necessary absent other less restrictive measures, the hearing officer ordered the retention of the plaintiff's vehicle after only making a finding that there existed probable cause for the underlying arrest and nothing more.

The defendant has deprived the plaintiff of his property without due process of law by intentionally failing to abide by the requirements of the due process clause of the 14th amendment, the holdings in <u>Krimstock</u> and <u>Sullivan</u>, and the Suffolk County Code.

As further described above, that deprivation was deliberate, wilful, contumacious and without excuse or justification in light of the holding in the <u>Sullivan</u> case against the same defendants herein.

8

**LEGAL ARGUMENT**

**I.  PROPER SERVICE WAS EFFECTUATED UPON DEFENDANT
CHRISTINE MALAFI PERSONALLY**

Curiously, it appears that the Suffolk County Attorney, defendant Christine Malafi, is repeatedly attempting to avoid personal service of the instant complaint contending that her personal secretary did not have the authority to accept service for defendant Malafi personally.

In the affidavit of process server, John McConnell, submitted herewith, Mr. McConnell states that on October 14th, 2010, when he went to the County Attorney office, he was stopped by Ms. Malafi's secretary, Lucille Schneider, at the front desk of the office on the 6th floor. (McConnell Aff. ¶6).

Mr. McConnell explained to the secretary that he was there to serve *both* the County of Suffolk and Ms. Malafi, personally. (McConnell Aff. ¶7).  At that point, Ms. Schneider picked up the phone and called Ms. Malafi seeking permission for Mr. McConnell to enter her office to serve her personally. (McConnell Aff. ¶9).

When Ms. Schneider hung up the phone, she expressed to the process server that she had been granted permission to accept the summons and complaint on behalf of Ms. Malafi, personally, as well as upon the County of Suffolk.  (McConnell Aff. ¶10).

She then explained that Ms. Malafi was busy and she would not allow Mr. McConnell to enter her office or come out to see him personally. (McConnell Aff. ¶11).  At that point the process server had Ms. Schneider stamp a copy of the documents and took her name and time in his notes. (McConnell Aff. ¶12).

The next day, Mr. McConnell completed service by mailing a copy of the summons and complaint to Christine Malafi to the same address in an envelope marked "personal & confidential."  (McConnell Aff. ¶13, a true copy of the affidavit of service is annexed hereto as Exhibit "A").

After contending first that Ms. Malafi's secretary did not have the authority to accept service on her behalf, which is undermined by the affidavit of Mr. McConnell, defendants contend that in any event, service was improper because Mr. McConnell never mailed a copy of the summons and complaint to Ms. Malafi after he left a copy with Ms. Schneider.

While the affidavit of service (Exhibit A) does not explicitly state that the process server followed up with the required mailing, his affidavit (¶13) states that he in fact did so, and certainly Ms. Malafi knows that it was sent to her office[1].

In any event, on November 12, 2010, Mr. McConnell returned to defendant Malafi's office and re-served her secretary, Paula Visto.  (Annexed hereto as Exhibit "B" is a true copy of this affidavit of service).

Once again, Mr. McConnell was not permitted to make an appointment with defendant Malafi, nor was he allowed to enter her office to personally hand her the complaint.  (See Exhibit B).  Once again, Mr. McConnell was told that the secretary was authorized to accept service on behalf of defendant Malafi.  (See Exhibit B).

---

[1]Since Defendant Malafi is a public official, her home address is near impossible to obtain, otherwise she could have, and would have been served at her residence.

10

Just as he did with respect to the first service, Mr. McConnell mailed a copy of the summons and complaint to defendant Malafi, as indicated in the affidavit of service.  (See Exhibit B).

Therefore, even if the Court respectfully agrees with the defendants that the initial service of defendant Malafi, personally, was improper, which we contend was not, the process server clearly cured any alleged defect in service and it should be determined that service upon defendant Malafi, personally, was properly effectuated.  See Cahill v. St. Mary's Hospital, 20 F.R.D. 103, 104 (E.D.N.Y. 1956); see also Insurance Company of North America v. Pyramid Insurance Company of Bermuda Ltd., 1994 WL 88754 (S.D.N.Y. 1994)[alleged defect in service has been cured, thus motion to dismiss for insufficient service is now moot].

Therefore, based on the foregoing, this branch of the defendants' motion should respectfully be denied, as should any request by the defendants to quash service.

## II.  THE PLAINTIFF HAS PROPERLY ARTICULATED A CAUSE OF ACTION FOR DENIAL OF PROCEDURAL DUE PROCESS

### A.  Applicable Standard of Review Pursuant to Fed R. Civ. P. 12(b)(6)

Quite recently, the United States Supreme Court has clarified and modified the standard for a motion to dismiss pursuant to Fed R. Civ. P. 12(b)(6).  While Rule 8 does not require "detailed factual allegations," it does require more than an "unadorned, the-defendant-unlawfully-harmed-me accusation."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

A complaint that sets forth mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice.  Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009), quoting Twombly, at 555.

11

Thus, to survive a motion to dismiss, the complaint must contain sufficient factual matter, which must be accepted as true, that states a claim for relief that is plausible on its face.  Id., citing Twombly, at 570.  A claim is plausible on its face when the plaintiff pleads facts that allows the Court to draw a reasonable inference that the defendants are liable for the alleged misconduct.  Id., citing Twombly, at 556.

Notwithstanding this relatively recent modification of the Rule 12(b)(6) standard, remaining are the long standing tenets that the Court must accept all of the factual allegations contained in the complaint as true and draw all reasonable inferences in favor of the non-movant. Chacko v. Worldwide Flight Services, Inc., 2010 WL 424025 at *1 (E.D.N.Y. Feb. 3, 2010).

When there are well pleaded factual allegations, the Court should assume their veracity and then determine whether they plausibly give rise to the plaintiff's entitlement to relief.  Sudler v. City of New York, 2010 WL 68095 at *5 (S.D.N.Y. Jan. 8, 2010).

In the instant matter, the plaintiff has more than met this pleading burden.  The four corners of the complaint contain much more than mere conclusory allegations or formulaic and boilerplate recitations of the elements of a cause of action.  Rather, the complaint contains sufficiently detailed and well-pleaded factual allegations which certainly give rise to an entitlement to relief.

**B.  The Plaintiff Was Clearly Vested With a Property Interest In His Automobile**

To properly state a claim for a violation of procedural due process, a plaintiff must (1) identify a property interest; (2) show that governmental action with respect to the property right amounted to a deprivation; and (3) demonstrate that the deprivation was without due process of law.  Riley v. Town of Bethlehem, 44 F. Supp. 2d 451, 465 (N.D.N.Y. 1999).

12

With respect to the instant matter, it is respectfully beyond argument that the plaintiff's automobile, to wit, a 2003 Ferrari, and the use and enjoyment thereof, was a property interest for due process purposes.  See Sutton v. City of Milwaukee, 672 F.2d 644 (7th Cir. 1982), citing, Lee v. Thornton, 538 F.2d 27, 32-33 (2d Cir. 1976) ["Since a person's car is property, the state may not deprive him of it without due process of law; and the deprivation need not be permanent to be actionable"].

### C.  By Wilfully Failing to Adhere to the 14th Amendment, Krimstock and the Suffolk County Code, the Defendants Deprived the Plaintiff of His Automobile Without Due Process of Law

"In order to establish a procedural due process violation, a plaintiff must prove that he or she was deprived of an opportunity...granted at a meaningful time and in a meaningful manner for a hearing appropriate to the nature of the case." Brady v. Town of Colchester, 863 F.2d 205, 211 (2d Cir. 1988), quoting Boddie v. Connecticut, 401 U.S. 371 (1971)(internal quotations omitted).

As set forth hereinabove, and as fully and adequately pled in the complaint, the defendants have instituted a policy and practice which wilfully defies the dictates of the 14th Amendment, the Second Circuit's holding in Krimstock and the defendants' own Suffolk County Code, resulting in a deprivation of the plaintiff's (and other vehicle owners') property without due process of law.

In 2002, on appeal from the Southern District, the Court of Appeals for the Second Circuit explicitly ruled that to comport with the constraints of the Due Process Clause of the 14th Amendment, a municipality which seizes and seeks to retain possession of a motor vehicle under a DWI seizure program must provide the owner of such vehicle with a prompt "retention

13

hearing" at which the respective owner may challenge both the initial seizure of the vehicle, as well as the continued retention thereof.  Krimstock v. Kelly, 306 F.3d 40 (2nd Cir. 2002).

In rendering such a ruling, the Second Circuit explicitly set the standard that, to establish entitlement to retain possession of a seized vehicle, the municipality **_must establish_** (a) the validity and probable cause for the underlying arrest and seizure; and (b) the necessity and legitimacy of continued retention.  Id.

Separate and apart from the 14th Amendment, under Suffolk County's own Administrative Code provision, at any such retention hearing the County is **_required_** to determine whether probable cause existed for the defendant's warrantless arrest, whether the County is likely to succeed on the merits of the forfeiture action, whether retention is necessary to preserve the vehicle from destruction or sale during the pendency of the forfeiture proceeding, and whether any other less restrictive measures would better protect the County's interest during the proceeding, including, but not limited to:

> (a)     Issuance of a restraining order prohibiting the sale, transfer, or loss of the vehicle with the imposition(s) of appropriated penalties for violation of said restraining order;
>
> (b)     Taking of a bond; and/or
>
> (c)     Use of an interlock device.

As sufficiently pled in the complaint, in direct defiance of both the 14th Amendment Due Process requirements articulated in Krimstock and the Suffolk County Code, the defendants herein knowingly train, and/or deliberately permit, the hearing officers who "preside" over retention hearings to deliberately and systematically refuse to comport with the requirements of Due Process or the Suffolk County Code by completely dispensing with the requirement that they

14

show that retention is necessary to preserve the vehicle from destruction or sale during the pendency of the forfeiture proceeding, and whether any other less restrictive measures would better protect the County's interest during the proceeding.

In a decision rendered by this same Court a mere month after the filing of the instant complaint, the same District Judge presiding over the instant matter ruled that the plaintiff demonstrated a ***certainty*** that the very same procedures employed by the County of Suffolk and Christine Malafi, complained of herein, violated his due process rights.  See Boyle v. County of Suffolk, et al., 10-CV-3606 (JS) (ARL)[2].

Boyle involves almost identical facts as the matter at bar, and the retention hearing was before the same magistrate, Justice John DiNoto.  Akin to the instant case, in Boyle, the plaintiff alleged that the procedures (or lack thereof) utilized by the same defendants, violated his due process rights to a properly conducted post-seizure hearing as mandated by the Second Circuit in Krimstock after the County allowed retention notwithstanding the complete failure to demonstrate that retention was necessary absent an alternative method.  Boyle, at p.3.

This Court reiterated the standard set forth in Krimstock, namely that the County bore the burden of proving all of the following: whether probable cause existed for the arrest of the vehicle operator; whether it is likely that the City will prevail in an action to forfeit the vehicle; and whether it is necessary that the vehicle remain impounded in order to ensure its availability for a judgment of forfeiture  Boyle, at p.5-6.

---

[2]A copy of this decision is annexed hereto as Exhibit "C".

After finding that the County met its first two <u>Krimstock</u> burdens, Your Honor respectfully quipped "[u]nfortunately for the County, <u>Krimstock</u> and the applicable state law sets forth three prongs that the County must meet, not two."  <u>Boyle</u>, at p.10.

Directly on point with matter at bar, in <u>Boyle</u> Your Honor found that:

"None of the stipulated exhibits remotely concerned whether 'it is necessary' to retain Mr. Boyle's vehicle 'in order to ensure its availability for a judgment of forfeiture.' Instead, they concerned Mr. Boyle's likely guilt, his previous conviction, and his ownership of the car.  At most, the County tried weakly, through attorney argument, to show that the 'necessary' prong had been met."  <u>Boyle</u>, at p.10.

A reading of the transcript of the retention hearing for the plaintiff herein shows that the County conducted the plaintiff's hearing exactly the same way as that of the plaintiff in <u>Boyle</u>. (Annexed hereto as Exhibit "D" is a true copy of the transcript of the plaintiff's September 1, 2009 retention hearing).[3]

The County Attorney, Kelly Green, Esq., objected to the fact that the plaintiff did not attend the hearing personally and that he was represented by counsel, notwithstanding the fact that it was a civil hearing, and pursuant to CPLR 321(a), unless subpoenaed, a defendant within a civil action is under no obligation to appear personally.  He may, instead, appear solely by an attorney, who can dispute the plaintiff's evidence at any trial or hearing. <u>See</u> <u>SAN-DAR Associates v. Adams,</u> 167 Misc.2d 727 (Appellate Term 1996).

Demonstrating the County's complete wilful disregard and gross ignorance of the retention hearing standard and its own burden of proof and directly contrary to Suffolk County Code §270-26, the County Attorney shifted the burden to the plaintiff and informed the Court that, "Mr. Ferrari needs to testify as to what his hardship is going to be in this particular case.  If

_____

[3]A copy of the same transcript was annexed as Exhibit "B" to the instant complaint.

he is not here to testify, he can't show a hardship , therefore, [plaintiff] does have the burden under the [Suffolk County Code] to show hardship and should be present."  (See Exhibit D at p.6).

Just as in <u>Boyle</u>, the only element that the County Attorney even attempted to show, let alone actually proved, was that there was probable cause for the underlying stop and arrest.

Akin to <u>Boyle</u>, the County Attorney presented absolutely no evidence or witnesses whatsoever to demonstrate the County's need for retention of the vehicle as opposed to the other alternative means as they are required to do pursuant to Suffolk County Code §270-26.  (See Exhibit D, generally).

At this retention hearing, Mr. Ferrari's counsel repeatedly tried to inform the County Attorney and the Court of the dictates of §270-26 and more specifically that in order to obtain a retention order, the County Attorney had the burden of not only proving the probable cause of the underlying arrest, but that the County was ***required*** to show that retention is necessary to preserve the vehicle from destruction or sale during the pendency of the forfeiture proceeding, and whether any other less restrictive measures would better protect the County's interest during the proceeding, such as a restraining order, a bond or the use of an interlock device. (See Exhibit D at pp.6-7).

Notwithstanding the County Attorney's utter failure to prove that retention of the plaintiff's vehicle was necessary absent other less restrictive measures, the hearing officer ordered the retention of the plaintiff's vehicle after only making a finding that there existed probable cause for the underlying arrest and nothing more, just as the same hearing officer did in <u>Boyle</u>. (See Exhibit D at p.18).

17

It is clear based particularly upon this very Court's recent decision in <u>Boyle</u>, that the plaintiff has successfully pled a cause of action that the defendant has deprived the plaintiff of his property without due process of law by intentionally failing to abide by the requirements of the due process clause of the 14th amendment, the holdings in <u>Krimstock</u> and <u>Sullivan</u>, and the Suffolk County Code.

Furthermore, based upon the matters of <u>Sullivan</u> and <u>Boyle</u>, as well as this matter, it is evident that the defendants have engaged and are engaging in systematic training policies whereby the judicial hearing officers and the County Attorneys intentionally defy the standards set forth by the 14th Amendment and the Second Circuit's holding in <u>Krimstock</u> and thus are wilfully and deliberately trampling the property rights of the plaintiff and countless other vehicle owners.

## III.  THE PLAINTIFF HAS PROPERLY ARTICULATED A CAUSE OF ACTION FOR DENIAL OF SUBSTANTIVE DUE PROCESS

Substantive due process protects against government action that is arbitrary, capricious or oppressive in a constitutional sense.  <u>Kaluczky v. City of White Plains</u>, 57 F. 3d 202, 211 (2d Cir. 1995).  A plaintiff asserting a substantive due process claim must allege (1) that it has a constitutionally protected property interest; and (2) that the defendants arbitrarily or irrationally deprived it of such a property interest.  <u>Honess 52 Corp. v. Town of Fishkill, et al.</u>, 1 F. Supp. 2d 294, 300 (S.D.N.Y. 1998).

18

By continuously and systematically retaining automobiles while intentionally defying the standards imposed by the 14th Amendment and the Second Circuit's holding in <u>Krimstock</u>, the defendants are clearly arbitrarily and irrationally depriving the plaintiff as well as countless other vehicle owners, and such deliberate deprivation should serve to shock the judicial conscience.

Therefore, it is clear that the plaintiff has successfully stated a cause of action for the defendants' deprivation of his substantive due process rights.

### IV.  THE PLAINTIFF HAS SUFFICIENTLY ALLEGED THE PERSONAL INVOLVEMENT OF DEFENDANT MALAFI IN VIOLATING HIS CONSTITUTIONAL RIGHTS

To properly maintain an action pursuant to 42 U.S.C. §1983, a plaintiff must allege the personal involvement of the state official he names as a defendant.  <u>Ellenhorn v. Superintendent of Securities of State</u>, 1999 WL 804123 (S.D.N.Y. 1999); <u>Garcia v. Senkowski</u>, 919 F. Supp. 609 (N.D.N.Y. 1996).

Contrary to the defendants assertions in its motion, the plaintiff in his complaint, has clearly alleged the personal involvement of defendant Christine Malafi, Suffolk County Attorney, in the violation of the plaintiff's constitutional rights.

As discussed at length above, the complaint alleges that the defendant County and defendant Malafi, as the Suffolk County Attorney, knowingly and intentionally retained automobiles while deliberately defying the standards imposed by the 14th Amendment and the Second Circuit's holding in <u>Krimstock</u>.

The complaint also alleges that in the <u>Sullivan</u> matter, defendant Malafi was also sued individually for violations of the Fourth, Eighth and Fourteenth Amendments for, just as in the matter herein, skewing the retention hearings and not meeting the mandatory constitutional

19

standards set forth in Krimstock and the Suffolk County Code.

Further, the complaint alleges that following Sullivan, the County and defendant Malafi, possessing obvious knowledge of her wrongdoing having already been sued, have intentionally and willfully continued their campaign to violate the rights of those whose cars have been seized by requiring owners to appear personally for retention hearings and by improperly shifting the burden of continued retention to the owner to show hardship or some other necessity rather than on the County as required by the County Code and the constraints of the due process clause.

The instant matter is akin to Messina v. Mazzeo, 854 F.Supp. 116 (E.D.N.Y. 1994), wherein this Court, declined to dismiss the plaintiff's §1983 claims against the individual defendants.  In so holding, the Court stated that "it cannot be said that the Complaint contains 'no allegations indicating how the defendant[s] violated the law or injured the plaintiff'" after determining that the plaintiff's complaint, just as in the instant action, specifically alleged the personal involvement of the individual defendant.

Accordingly, because the plaintiff has specifically alleged the personal involvement of defendant Malafi in the deprivation of his constitutional rights, this branch of the defendants motion should be denied.

20

## V.  THE PLAINTIFF HAS SUFFICIENTLY ALLEGED MUNICIPAL LIABILITY ON THE PART OF THE DEFENDANT COUNTY

As stated by the United States Supreme Court in Monell v. Department of Social Services of the City of New York, 436 U.S. 658 (1978) a municipality can be held liable pursuant to 42 U.S.C. §1983 if the conduct that caused the unconstitutional deprivation was undertaken pursuant to "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers... [or] pursuant to governmental "custom" even though such a custom has not received formal approval through the body's official decisionmaking channels." Id. at 690-691.

It is clear that notwithstanding the dictates of the 14th Amendment, the Second Circuit's holding in Krimstock, as well as Sullivan, Boyle and the instant matter, the defendants have engaged and are engaging in systematic training policies whereby the judicial hearing officers and the County Attorneys intentionally defy the standards set forth by the 14th Amendment and Krimstock and thus are wilfully and deliberately trampling the property rights of the plaintiff and countless other vehicle owners.

Clearly, the plaintiffs have alleged municipal liability on the part of the County of Suffolk as the alleged unconstitutional deprivation was undertaken pursuant to official policy and "a decision officially adopted and promulgated by [its] officers," Monell, 436 U.S. at 690.

Based on the foregoing, this branch of the defendants motion should be denied.

21

## VI.  <u>DEFENDANT MALAFI IS NOT ENTITLED TO QUALIFIED IMMUNITY</u>

The doctrine of qualified immunity protects state officials from civil liability for actions performed in the course of their duties if "their conduct does  not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  <u>Luna v. Pico</u>, 356 F.3d 481, 490 (2d Cir. 2004).

Of course, a defendant presenting an immunity defense on a Rule 12(b)(6) motion instead of a motion for summary judgment must accept the more stringent standard applicable to this procedural route. <u>McKenna v. Wright</u>, 386 F.3d 432, 436 (2d Cir. 2004).   Not only must the facts supporting the defense appear on the face of the complaint, but, as with all Rule 12(b)(6) motions, the motion may be granted only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." <u>Id.</u>  Thus, the plaintiff is entitled to all reasonable inferences from the facts alleged, not only those that support his claim, but also those that defeat the immunity defense. <u>Id.</u>   Defendants who seek immunity under 12(b)(6) based upon the facts appearing on the face of the complaint face a "formidable hurdle". <u>See</u> <u>Odom v. Calero</u>, 2008 U.S. Dist. LEXIS 11582 (S.D.N.Y. February 19, 2008).

Assuming the facts in the complaint to be true, as discussed above and without rehashing same herein, it is clear that based on the actions alleged against defendant Malafi that she would not be entitled to qualified immunity.

Since the plaintiff has set forth sufficient factual allegations evidencing a lack of good faith and intentional violations of his constitutional rights, he is entitled to offer evidence in support of his claims, <u>Villager Pond Inc. v. Town of Darien</u>, 56 F.3d 375 (2d Cir. 1995), and questions of qualified immunity are inherently fact specific which are inappropriate on a motion to dismiss.  <u>Moore v. Trippe</u>, 743 F. Supp. 201 (S.D.N.Y. 1990).

## **CONCLUSION**

For all of the foregoing reasons, the plaintiff respectfully requests that the Court deny the defendants' motion to dismiss in its entirety.

Dated: Garden City, New York
December 16, 2010

CAMPANELLI & ASSOCIATES, P.C.
Attorneys for Plaintiff

By: _____s/_____
David A. Antwork (DA 1168)
623 Stewart Avenue, Suite 203
Garden City, New York 11530
(516) 746-1600

24